## MARY F. GILES *vs.* ARAD MOORE.

If an administrator, selling real estate of his intestate, under license of the probate court, represents that the purchaser will have a complete title, and the widow, upon his statement that " it shall be as well for her," signs, but does not seal, a release of dower, at the end of his deed, and he thereupon receives the full price from the purchaser, she cannot maintain an action against the administrator for the value of her dower.

ACTION OF CONTRACT by the widow of Noah Giles against his administrator, to recover the value of her dower in land of which he died seized, and which was sold by the defendant by auction, under license of the probate court. Trial before *Bigelow,* J., who reserved the case for the decision of the whole court upon the following facts :

At the sale, the defendant represented that the purchaser was to have a complete and perfect title, and the bidding proceeding upon that supposition, and it was finally struck off at about its full value free of incumbrances. The purchaser afterwards claimed that the plaintiff should sign the deed to him, to which she objected, but, upon the defendant's saying that " it should be " or " would be as well for her," signed, but did not seal, nor acknowledge before a magistrate, the following writing at the end of the defendant's deed to the purchaser: " And I, Mary F. Giles, widow of the above named Noah Giles deceased, hereby release my right to dower in the above described premises." And the purchaser, upon the delivery of the deed to him, with this writing added to it, paid the purchase money to the defendant. The plaintiff, before bringing this action, demanded of the defendant the value of her dower in this estate.

*J. G. Abbott,* for the plaintiff. The defendant having undertaken to sell, and having sold and received the price of, not only the interest of his intestate, but also the plaintiff's interest, is liable to pay to her what would have been the value of her estate, if she had not signed the deed. *Jennison* v. *Hapgood,* 14 Pick. 345. The plaintiff's release being of a mere right to have a life estate set off to her, and made for a good consideration, was effectual to bar her right, without a seal. But if not,

the defendant, who has received the price of her interest from a third person, cannot object to the want of a seal.

*B. F. Butler,* for the defendant.

BY THE COURT. The plaintiff's right of dower was an interest in real estate. She had not conveyed or released it in any of the modes specially provided by statute. Such right, therefore, could only be alienated by deed; but the memorandum signed by her, not sealed or acknowledged, was not a deed, and did not work an alienation of her dower. Her right to her dower, if she had any, stands unaffected by that memorandum; and there was no consideration moving from her, upon which to raise an implied promise of the defendant. *Judgment for the defendant.*